UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RICHARD HERMAN ALBERS,**

      **Plaintiff,**

**v.**                                                   **Case No: 6:15-cv-1034-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Richard Herman Albers (the "Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for disability insurance benefits and a period of disability. Doc. No. 1. Claimant alleges an onset of disability as of May 15, 2011, primarily from bipolar disorder, depression, posttraumatic stress disorder, headaches and a cyst. R. 135.[1] Claimant argues the Administrative Law Judge (the "ALJ") erred at step-two of the sequential evaluation process by finding that Claimant "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; [and] therefore, the claimant does not have a severe impairment or combination of impairments (R. 106)." Doc. No. 22 at 16-19. Claimant also argues that the ALJ erred by failing to state with particularity the weight given and reasons therefor to the opinion of Dr. John R. Thibodeau, Ph.D.,

---

[1] Claimant is insured for benefits through December 31, 2017. R. 30, 105-06.

a consultative examining psychologist. Doc. No. 22 at 31-33.[2] For the reasons that follow, the Commissioner's final decision is **REVERSED and REMANDED for further proceedings**.

I.   THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. §§

---

[2] In addition, Claimant argues the ALJ erred by: (1) giving only little weight to the opinion of Claimant's treating psychiatrist, Dr. Adly Thebaud; (2) giving more weight to the opinion of a one-time examining physician than the opinion of Claimant's long-term treating psychiatrist; (3) finding Claimant's subjective statements not credible based upon Claimant's ability to engage in minimal activities of daily living; (4) failing to make a residual functional capacity assessment; and (5) failing to find Claimant disabled a step-five. Doc. No. 22 at 16-45. For the reasons set forth below, the ALJ's errors at step-two and regarding Dr. Thibodeau's opinion are dispositive.

404.1520(c), 416.920(c). If the claimant does not have a severe medically determinable impairment or combination of impairments, he is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

The claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment or combination thereof has more than a minimal effect on a claimant's ability to perform basic work activities. *See Bridges v. Bowen*, 815 F.2d 622, 625-26 (11th Cir. 1987). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits the claimant's ability to perform basic work activities. In the Eleventh Circuit, the ALJ's determination at step-two is a threshold and *de minimis* inquiry, allowing only those claims based upon the slightest, trivial or meaningless impairments to be rejected. *See Brady v. Heckler*, 724 F.2d 914, 918, 920 (11th Cir. 1984) (only the slightest or a meaningless impairment is non-severe); *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (step-two is a threshold inquiry where only the most trivial impairments will be found non-severe); *Stratton v Bowen*, 827 F.2d 1447, 1450-51 (11th Cir. 1987) (step-two is a "*de minimis*" standard). Thus, an impairment or combination of impairments is non-severe only when it results in a slight, trivial or meaningless effect on an individual's ability to work. *Id.*; *see also* 20 C.F.R. §§ 404.1521, 416.921. An ALJ that applies more than a *de minimis* standard at step-two commits reversible error. *Stratton,* 827 F.2d at 1453 ("[T]he application of a threshold severity [analysis] that is greater than *de minimis* is invalid under the terms of the [the Social Security Act.]")

## II.    STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant

evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III.  ANALYSIS.

At the center of this dispute is the ALJ determination that Claimant has no severe impairments at step-two. In the decision, the ALJ found that Claimant has medically determinable impairments of "affect disorder and congenital anomalies of the urinary system," but they are not severe either singly or in combination. R. 106-14. For example, the ALJ makes the following findings:

> After considering the evidence of record, the [ALJ] finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credibly for the reasons explained in this decision.
>
> Turning to the medical evidence, the objective findings in this case fail to provide strong support for the claimant's allegations of disabling symptoms and limitations. More specifically, the medical findings do not support the existence of any limitations significant enough to affect the claimant's ability to perform basic work activities. In terms of the claimant's alleged conditions, the

> medical record demonstrates that the doctors have diagnosed the claimant's symptoms as affective disorder and congenital anomalies of the claimant's urinary system.

R. 108-109. For the reasons set forth below, the Court finds that the ALJ failed to apply the appropriate threshold standard a step-two and made findings not supported by substantial evidence.

The medical record reveals that Claimant has undergone regular mental health treatment throughout the relevant time period, including at least one involuntary commitment in December of 2011, for the following impairments: bipolar disorder, major and moderate depression, chronic suicidal ideation, dysthymia, history of schizophrenia, personality disorder with paranoid and borderline traits, and anxiety. *See* R. 269-81, 283-92, 304-07, 313-20, 335-44. In addition, there are five (5) medical opinions regarding Claimant's mental impairments. R. 81-82, 90-93, 330-33, 346-51, 353-55. Claimant's treating psychiatrist, Dr. Adly Thebaud, opined that Claimant's mental impairments result in moderate to marked limitations in all areas of mental functioning. R. 330-33.

On June 15, 2013, Dr. John R. Thibodeau, Ph.D., a clinical psychologist, performed a psychological evaluation of Claimant at the behest of Claimant's primary treating physician for purposes of diagnostic clarity and treatment recommendations. R. 353-55. Dr. Thibodeau administered objective tests, conducted a clinical interview, and performed a medical records review. R. 353. Dr. Thibodeau opined that Claimant has "autistic spectrum and schizophrenia spectrum features that are contributing to his current difficulties." R. 354. While Claimant had "neither an active biological depression nor active mania at the current time," Dr. Thibodeau noted that Claimant's "thought disorder . . . is very poorly controlled." R. 354. Dr. Thibodeau recommended an antipsychotic medication to help address Claimant's thought disorder and to guard against the possibility of a dormant bipolar disorder. R. 354. In addition, Dr. Thibodeau opined that Claimant has "stage fright anxiety and tremors". R. 354. Finally, Dr. Thibodeau

concluded that Claimant "will have residual impairments that will cause him difficulty even with maximum medication treatment, [but] he has a good prognosis for improving and regaining some of the strengths that he used to have despite his afflictions."  R. 355.

On November 11, 2013, Dr. Najib Kirmani, M.D., performed a consultative psychiatric evaluation of Claimant at the behest of the Commissioner.  R. 346-51.  Dr. Kirmani diagnosed Claimant with a history of dysthymic disorder, incorrectly stated that Claimant is not receiving psychological treatment, and opined that Claimant has no mental functional limitations.  R. 348; 349-51.  On May 7, 2012, Dr. Richard Willens, Psy.D., a non-examining physician opined, based upon a records review, that Claimant is diagnosed with affective disorder, which is not a severe impairment.  R. 81-82.  In support of his opinion, Dr. Willens incorrectly states, similar to Dr. Kirmani, that the record "does not establish a clear [history] of [diagnosis] or [treatment] for mental impairments."  R. 82.[3]  Finally, on June 5, 2012, Dr. James Levasseur, Ph.D., a non-examining state agency consultant, opined that Claimant's affective disorder is a severe impairment.  R. 89.[4] Thus, Claimant's treating psychiatrist, a consultative examining psychologist, and a non-examining state agency psychologist all opined that Claimant's mental impairments are severe, while Drs. Kirmani and Willens opined that Claimant's impairments are not severe.  *See supra* pp. 5-6.

---

[3] For example, from December 3, 2011 through December 9, 2011, Claimant was involuntarily committed for major depression and active suicidal ideation.  R. 269-81. Those records state Claimant's mental health history is "[s]ignificant for multiple inpatient hospitalizations," including a year-and-a-half commitment to state mental hospital in New Jersey in 1981 and in a residential program for 1 to 2 years.  R. 271.

[4] The ALJ erroneously states that Dr. Levasseur opined that Claimant's affective disorder is not severe.  R. 112 ("Drs. Levasseur and Willens found claimant's mental condition were non-severe. . . ."). An ALJ's material misstatement of fact can result in reversible error by rendering the decision unsupported by substantial evidence. *See White v. Comm'r of Soc. Sec.*, No. 6:09-cv-1208-Orl-28GJK, 2010 WL 3467413, at *15 (M.D. Fla. Aug. 3, 2010) (misstatement of fact not harmless error when it substantially affects ALJ's ultimate conclusion).

An individual who suffers from major depression, a thought disorder, bipolar disorder, chronic suicidal ideation, dysthymia, a history of schizophrenia, anxiety, and a personality disorder with paranoid and borderline traits, and who has been involuntarily committed during the relevant time period does not have slight, trivial or meaningless impairments. *See Brady*, 724 F.2d at 921 ("An individual who suffers from pericarditis, hypoglycemia, vertebra vascular insufficiency, mental depression, and possible emphysema, is not suffering from a slight [impairment] or combination of slight abnormalities."). Instead of recognizing that Claimant's mental impairments are not trivial and then proceeding to the next step in the sequential evaluation process, the ALJ imposed a greater than *de minimis* standard at step-two. *See* R. 109 ("[T]he objective findings in this case fail to provide strong support for the claimant's allegations of disabling symptoms and limitations."). Accordingly, the ALJ failed to apply the correct legal standard at step-two, which requires reversal. *Stratton*, 827 F.2d at 1453 (by imposing an "overly stringent interpretation of the threshold severity requirement" the ALJ failed to apply the correct legal standards).

The ALJ also committed other errors requiring reversal. An ALJ is required to state with particularity the weight given and the reasons therefor to every medical opinion in the record. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Short v. Comm'r of Soc. Sec.*, 581 F. App'x 754, 756-57 (11th Cir. Sept. 3, 2014) (unpublished) ("[W]ithout a clear articulation

of the reasons [why] the ALJ rejected [treating physician's opinion], it is impossible on review to determine whether the ultimate decision was rational and supported by substantial evidence.").

In this case, the ALJ discusses portions of Dr. Thibodeau's opinion, which at the very least support the conclusion that Claimant's mental impairments are not trivial (*see* R. 353-55), but the ALJ fails to state what weight, if any, he assigned to it or the reasons therefor.  R. 111.  Finally, the ALJ materially misrepresented the medical opinion of Dr. Levasseur by stating he opined Claimant's mental impairment was not severe, which directly affects the ALJ's conclusion at step-two.  R. 112.  As set forth above, Dr. Levasseur's opinion was, in fact, precisely the opposite.  R. 89; *see supra* p. 6, n.4.  Accordingly, separate and apart from the ALJ's failure to apply the appropriate legal standard at step-two, the ALJ's errors regarding the medical opinions of Drs. Thibodeau and Levasseur require reversal.  *MacGregor*, 786 F.2d at 1053; *Short*, 581 F. App'x at 756-57 (without stating weight and reasons for that weight it is impossible for Court to determine if ultimate decision is supported by substantial evidence); *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (ALJ's misstatement of fact is harmless if it does not materially affect the ALJ's ultimate conclusion).[5]

**IV.   CONCLUSION.**

Based on the forgoing, it is **ORDERED** that:

1.   The Commissioner's final decision is **REVERSED and REMANDED for further proceedings pursuant to sentence for of 42 U.S.C. § 405(g)**; and

---

[5] The ALJ's errors at step-two and with respect to Dr. Thibodeau's opinion are dispositive of this case.  *See supra* pp. 3-8.  Therefore, it is unnecessary to address Claimant's remaining arguments (*see supra* n.1).  *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Social Sec. Admin.*, -- F. App'x --, 2015 WL 5166045, at *3 (11th Cir. Sept. 4, 2015) (unpublished) (no need to analyze other issues when case must be reversed due to other dispositive errors).

2. The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on August 4, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record